THE STATE EX REL. STONE CONTAINER CORPORATION, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Stone Container Corp. v. Indus. Comm.* (1997), 79 Ohio St.3d 163.]

(No. 95–599—Submitted May 21, 1997—Decided June 25, 1997.)

164

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

*Per Curiam.* We once again are asked to review the commission's order for some evidence in support of its decision. Upon review, we find that the commission's order is not supported, and reverse the judgment of the court of appeals.

In *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018, we held that the presence of disabling nonallowed medical conditions did not bar total disability compensation where the allowed conditions were also independently disabling. This logic compels the conclusion that where some of the allowed conditions have reached maximum medical improvement, temporary total disability compensation may still be paid if the claimant can establish that other allowed conditions have not yet reached maximum medical improvement and prevent a return to the former position of employment.

The parties do not dispute that claimant's back and neck conditions have reached maximum medical improvement. They cannot, as a result, serve as the basis for temporary total disability compensation. R.C. 4123.56. Claimant must, therefore, establish that his remaining allowed conditions, either collectively or individually, are both temporary and prevent a resumption of claimant's former duties. This claimant cannot do. All of the evidence lists an assortment of back and neck conditions—some allowed, others not allowed—as contributing to claimant's temporary total disability. There is no evidence that indicates that claimant's chest, leg, and ankle contusions or even a subsequently allowed depressive

condition prevents a return to the former position of employment. The commission, therefore, abused its discretion in awarding temporary total disability compensation.

Accordingly, the judgment of the court of appeals is reversed. The commission is ordered to vacate its order reinstating compensation for temporary total disability.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I would affirm the judgment of the court of appeals.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.