[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 163.]

THE STATE EX REL. STONE CONTAINER CORPORATION, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Stone Container Corp. v. Indus. Comm*., 1997-Ohio-174.]

*Workers' compensation—Industrial Commission abuses its discretion in reinstating temporary total disability compensation when its order is not supported by some evidence.*

(No. 95-599—Submitted May 21, 1997—Decided June 25, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD02-183.

———————————

{¶ 1} Appellee-claimant, Dale S. Koski, was injured in 1990 in the course of and arising from his employment with appellant Stone Container Corporation, a self-insured employer. His claim was initially allowed for "contusion chest wall, muscle strains of back and neck and contusions of right leg and right ankle."

{¶ 2} At some point, claimant began receiving temporary total disability compensation. A handwritten February 13, 1992 C84 "Physician's Report Supplemental" from attending physician Dr. Emmanuel Munoz certified claimant as temporarily and totally disabled through May 11, 1992. Under the heading "Present complaints and condition(s)," Munoz listed "muscle strain, anterior L2, L3; disc herniation; chronic lumbar syndrome with radiculopathy (both knees and (R) ankle)." His objective findings were noted as "bilaterally lumbar [illegible] straight leg raising 30%; bendover 25%; backwards 25%[;] both lateral movements 25%." Subjective complaints were listed as "peripheral muscle tenderness; (R) ankle pain - pain both knees (R) ankle."

{¶ 3} On March 24, 1992, claimant was examined by Dr. Christopher D. Cannell, who reported:

"After a lengthy review of his history and records, I would have to say that Mr. Koski has reached maximum medical improvement for the neck and low back injury. * * * I will state that * * * the claimant's condition has become permanent for the back and neck. However, for the right ankle I do feel there was some tendinitis present and I feel this is treatable."

{¶ 4} Two weeks later, Dr. Munoz responded affirmatively to the following inquiry from a Stone representative:

"Enclosed please find a copy of an independent medical report from Dr. Cannell on the above referenced claimant. Dr. Cannell indicates the claimant is at maximum medical improvement. Are you in agreement with Dr. Cannell in that Mr. Koski has reached maximum medical improvement?"

{¶ 5} Dr. Munoz reiterated his opinion that claimant had reached maximum medical improvement on April 9, 1992.

{¶ 6} Based on Dr. Munoz's response, Stone terminated claimant's temporary total disability compensation. Claimant, in turn, moved appellee Industrial Commission of Ohio for a hearing on the issue of continued eligibility for temporary total disability compensation. Claimant at approximately the same time secured a new handwritten C84 report from Dr. Munoz, which extended the period of temporary total disability to March 21, 1993. Under "Present complaints and condition(s)," he listed "tendinitis of the Rt. ankle secondary to ankle injury; muscle strain, anterior L2, L3 disk herniation; chronic lumbar syndrome [and] radiculopathy." Objective and subjective findings were reported as "bend over of trunk 25%, backward 10%, lateral movements - 15% both; stinging sensation - lumbar spine area."

{¶ 7} Dr. Munoz also observed on November 20, 1992 that claimant was "improving a lot in his movements and strength of ankle (R), back also improving. Will continue same plan of treatment until complete recovery."

2

**{¶ 8}** On June 3, 1993, a district hearing officer reinstated temporary total disability compensation as follows:

"Medical evidence indicates that claimant has been temporarily totally disabled as a result of the allowed conditions in this claim since the date the self-insured employer terminated temporary total disability compensation (4/14/92). The termination was based on the attending physician's [*sic*] Dr. Munoz stating that he agreed with the employer's physician, Dr. Connell [*sic*], that claimant had reached maximum medical improvement. However Dr. Connell's report indicated that claimant had not reached maximum medical improvement with respect to all allowed conditions. Therefore, Dr. Munoz's statement that he agreed with Dr. Connell on the maximum medical improvement issue is not a valid basis for the self-insured employer to terminate temporary total compensation * * *."

**{¶ 9}** Dr. Munoz followed up with a typed July 27, 1993 C84 report that contained an exact recitation of claimant's allowed conditions.

**{¶ 10}** A regional board of review affirmed the district hearing officer's order without comment, and further appeal to the commission was refused.

**{¶ 11}** Stone filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in reinstating temporary total disability compensation. The court of appeals denied the writ.

**{¶ 12}** This cause is now before this court upon an appeal as of right.

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

————————————

*Per Curiam.*

{¶ 13} We once again are asked to review the commission's order for some evidence in support of its decision. Upon review, we find that the commission's order is not supported, and reverse the judgment of the court of appeals.

{¶ 14} In *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 619 N.E.2d 1018, we held that the presence of disabling nonallowed medical conditions did not bar total disability compensation where the allowed conditions were also independently disabling. This logic compels the conclusion that where some of the allowed conditions have reached maximum medical improvement, temporary total disability compensation may still be paid if the claimant can establish that other allowed conditions have not yet reached maximum medical improvement and prevent a return to the former position of employment.

{¶ 15} The parties do not dispute that claimant's back and neck conditions have reached maximum medical improvement. They cannot, as a result, serve as the basis for temporary total disability compensation. R.C. 4123.56. Claimant must, therefore, establish that his remaining allowed conditions, either collectively or individually, are both temporary and prevent a resumption of claimant's former duties. This claimant cannot do. All of the evidence lists an assortment of back and neck conditions—some allowed, others not allowed—as contributing to claimant's temporary total disability. There is no evidence that indicates that claimant's chest, leg, and ankle contusions or even a subsequently allowed depressive condition prevents a return to the former position of employment. The commission, therefore, abused its discretion in awarding temporary total disability compensation.

{¶ 16} Accordingly, the judgment of the court of appeals is reversed. The commission is ordered to vacate its order reinstating compensation for temporary total disability.

*Judgment reversed*

*and writ granted.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

—————————————

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 17} I would affirm the judgment of the court of appeals.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

—————————————