DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Toys R Us, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding temporary total disability ("TTD") compensation to respondent Aileen Benzenhoefer and to enter an order denying said compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate of this court, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that this court deny the requested writ.
 {¶ 3} Relator filed an objection to the magistrate's decision, and the matter is now before this court for a full, independent review. In its objection to the magistrate's decision, relator simply asserts that said decision "considers evidence not considered or relied upon by the Industrial Commission in issuing its order granting temporary total disability compensation," but relator does not specify the evidence that it is referring to our attention.
 {¶ 4} Upon our independent review of the record, we find that the magistrate has properly discerned the pertinent facts and applied the relevant law to those facts. The magistrate correctly determined that there was "some evidence" supporting the commission's award of TTD compensation. Therefore, relator's objection to the magistrate's decision is without merit and is overruled. Pursuant to Civ.R. 53(E)(4)(b), we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we hereby deny the requested writ of mandamus.
Objection overruled; writ denied.
Bryant and Christley, JJ., concur.
CHRISTLEY, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
Toys R Us,
 Relator, :
v. No. 04AP-523
 :
Aileen Benzenhoefer and (REGULAR CALENDAR)
The Industrial Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on January 13, 2005 Greiner Carolin, and Thomas M. Carolin, for relator.
Philip J. Fulton Associates, David B. Barnhart and William A.Thorman, III, for respondent Benzenhoefer.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} In this original action, relator, Toys R Us, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding temporary total disability ("TTD") compensation beginning June 25, 2003 to respondent Aileen Benzenhoefer, and to enter an order denying said compensation.
 {¶ 6} Findings of Fact:
 {¶ 7} 1. On September 27, 2000, respondent Aileen Benzenhoefer ("claimant") sustained an industrial injury while employed as a tractor-trailer driver for relator, a self-insured employer under Ohio's workers' compensation laws. On that date, while stopped in traffic, claimant was rear-ended twice. Following the accident, claimant remained able to drive back to the truck terminal.
 {¶ 8} 2. The industrial claim was initially allowed for: "sprain of neck; sprain of thoracic region; sprain lumbar region," and was assigned claim number 00-564787.
 {¶ 9} 3. Relator began paying claimant TTD compensation based upon reports from her attending physician Bina Mehta, M.D.
 {¶ 10} 4. On or about June 19, 2001, in response to relator's questionnaire, Dr. Mehta indicated that the industrial injury had reached maximum medical improvement ("MMI"). Based upon Dr. Mehta's response, relator terminated TTD compensation.
 {¶ 11} 5. Thereafter, the industrial claim was additionally allowed for: "post-traumatic stress disorder; depression," and TTD compensation was awarded for the additional claim allowances. Following a June 24, 2003 hearing, a district hearing officer ("DHO") terminated TTD compensation on grounds that the allowed psychological conditions had reached MMI. The DHO's decision was affirmed by a staff hearing officer's ("SHO") decision mailed August 22, 2003.
 {¶ 12} 6. Earlier, on April 10, 2003, claimant moved that the claim be additionally allowed for: "left hypertrophy of the AC[romioclavicular] joint," based upon reports from James P. Dambrogio, D.O. In her motion, claimant also requested that TTD compensation be continued based upon the requested additional claim allowance.
 {¶ 13} 7. On a C-84 dated October 1, 2003, Dr. Dambrogio certified a period of TTD beginning March 3, 2003 to an estimated return-to-work date of January 5, 2004.
 {¶ 14} The C-84 form asks the attending physician (first query) to "[l]ist ICD-9 [c]odes with narrative diagnosis(es) for allowed conditions being treated which prevent return to work."
 {¶ 15} In response to the first query, Dr. Dambrogio wrote:
847.0 cervical s/s
847.1 thoracic s/s
847.2 lumbar s/s
 {¶ 16} The C-84 form also asks the attending physician (second query) to "[l]ist ICD-9 [c]odes with narrative diagnosis(es) for other allowed conditions being treated."
 {¶ 17} On the lines provided under the second query, Dr. Dambrogio wrote:
308.9 stress
311.3 depression
733.99 AC joint hypertrophy
 {¶ 18} The C-84 dated October 1, 2003, contains a hand-drawn arrow indicating that "733.99 AC joint hypertrophy" should be included as a response to the first query rather than to the second query.
 {¶ 19} The C-84 form further asks the attending physician (third query) to state the objective clinical findings that are "the basis of [his] recommendations." In response to the third query, Dr. Dambrogio wrote: "AC joint hypertrophy."
 {¶ 20} 8. In a report dated November 25, 2003, Timothy L. Gordon, M.D., opined on behalf of relator that the AC joint hypertrophy had reached MMI as of July 24, 2003, the date of examination, and that the condition does not prohibit claimant from returning to her former position of employment.
 {¶ 21} 9. Following an October 30, 2003 hearing, a DHO issued an order additionally allowing the claim for: "left hypertrophy of the AC joint." The DHO also awarded TTD compensation beginning June 25, 2003, based exclusively upon Dr. Dambrogio's October 1, 2003 C-84 report.
 {¶ 22} 10. Relator administratively appealed the DHO's order of October 30, 2003.
 {¶ 23} 11. On a C-84 form dated December 23, 2003, Dr. Dambrogio certified a period of TTD beginning March 3, 2003 to an estimated return-to-work date of April 5, 2004.
 {¶ 24} In response to the first query, Dr. Dambrogio wrote:
847.0 cervical s/s
847.1 thoracic s/s
847.2 lumbar s/s
 {¶ 25} In response to the second query, Dr. Dambrogio wrote:
308.9 stress
311.3 depression
 {¶ 26} In response to the third query, Dr. Dambrogio wrote: "AC joint hypertrophy."
 {¶ 27} 12. On a C-84 dated January 14, 2004, Dr. Dambrogio certified a period of TTD beginning March 3, 2003 to an estimated return-to-work date of April 5, 2004.
 {¶ 28} In response to the first query, Dr. Dambrogio wrote:
719.81 AC hypertrophy
 {¶ 29} In response to the second query, Dr. Dambrogio wrote:
847.0 cervical s/s
847.1 thoracic s/s
847.2 lumbar s/s
308.9 stress
311.3 depression
 {¶ 30} In response to the third query, Dr. Dambrogio wrote: "AC joint, hypertrophy."
 {¶ 31} 13. Relator's administrative appeal was heard by an SHO on February 6, 2004. The hearing was recorded and transcribed for the record. Referring to Dr. Dambrogio's October 1, 2003 C-84 report, relator's counsel argued:
* * * Listed as the codes for the allowed conditions being treated which prevent a return to work are the following: Cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, stress, depression, and AC joint hypertrophy. As you are aware from review of your file, temporary total disability compensation was terminated on all of those conditions with the exception of the AC joint problem which is the additional allowance.
I would submit to you that indicating that six conditions cause an inability to return to work when five of those conditions have already been declared to be at maximum medical improvement is not sufficient medical evidence to warrant temporary total disability compensation as that condition in and of itself does not preclude a return to employment.
 {¶ 32} 14. Following the February 6, 2004 hearing, an SHO issued an order stating that the DHO's order was affirmed. Regarding the award of TTD compensation, the SHO's order states:
Lastly, temporary total compensation is ordered paid from 06/25/2003 through 04/04/2004 and to continue upon submission of additional medical evidence of temporary total compensation.
This part of the decision is based upon multiple c-84 reports from James P. Dambrogio, D.O., particularly, the one dated 12/23/2003.
The Hearing Officer finds that while the allowed psychological conditions were previously determined by the Industrial Commission to have reached a level of maximum medical improvement, per the Staff Hearing Officer decision dated 08/22/2003, there is no such similar decision found within the record or on the BWC "Dolphin Program" as regards the allowed physical conditions.
 {¶ 33} 15. On March 4, 2004, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of February 6, 2004.
 {¶ 34} 16. On May 17, 2004, relator, Toys R Us, filed this mandamus action.
 {¶ 35} Conclusions of Law:
 {¶ 36} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 37} In State ex rel. Stone Container Corp. v. Indus. Comm. (1997),79 Ohio St.3d 163, 165, the Supreme Court of Ohio states:
In State ex rel. Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452, * * * we held that the presence of disabling non-allowed medical conditions did not bar total disability compensation where the allowed conditions were also independently disabling. This logic compels the conclusion that where some of the allowed conditions have reached maximum medical improvement, temporary total disability compensation may still be paid if the claimant can establish that other allowed conditions have not yet reached maximum medical improvement and prevent a return to the former position of employment.
 {¶ 38} Because all of the allowed conditions of the claim had reached MMI, except one, claimant had the burden to prove that hypertrophy of the acromioclavicular joint, left shoulder, independently prevents her from returning to her former position of employment. Id.
 {¶ 39} Accordingly, the issue here is whether the commission relied upon some evidence supporting "hypertrophy of the acromioclavicular joint, left shoulder," as an independent cause of disability. Clearly, Dr. Dambrogio's C-84 dated January 14, 2004, constitutes some evidence supporting the commission's award of TTD compensation.
 {¶ 40} In his C-84 dated January 14, 2004, Dr. Dambrogio lists solely "AC hypertrophy" as an allowed condition being treated which prevents a return to work. Thus, the C-84 is some evidence that the allowed condition independently causes TTD.
 {¶ 41} Moreover, Dr. Dambrogio's January 14, 2004 C-84 is not necessarily inconsistent with his C-84's dated October 1 and December 23, 2003. There is no inconsistency in finding that the cervical, thoracic and lumbar strains contribute to disability while the shoulder independently causes disability. Stone Container.
 {¶ 42} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.