[Cite as *State ex rel. Burgan v. Cuyahoga Hill Juvenile Corr. Facility*, 2025-Ohio-5054.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Fatima Burgan, | : | |
| Relator, | : | |
| | : | No. 24AP-448 |
| v. | : | (REGULAR CALENDAR) |
| Cuyahoga Hill Juvenile Corrections Facility et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on November 6, 2025

**On brief:** *Hurm Law Firm, LLC*, and *Matthew T. Hurm*, for relator.

**On brief:** *Perez & Morris LLC, Richard Hernandez,* and *Julian Heinrich,* for respondent Cuyahoga Hills Juvenile Corrections Facility.

**On brief:** *Dave Yost,* Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

BOGGS, J.

{¶ 1} Relator, Fatima Burgan, has filed this original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("the commission"), to vacate its order finding that Burgan is at maximum medical improvement for her allowed physical conditions, thereby ending her right to receive temporary total disability compensation based on those physical conditions.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended

hereto. The magistrate correctly found that Burgan will continue to receive temporary total disability compensation based on other allowable conditions, and that the commission may address each allowable condition individually to determine if maximum medical improvement has been reached for that specific condition.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we find no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision, including the findings of fact and the conclusions of law therein, and we deny Burgan's request for a writ of mandamus.

*Writ of mandamus denied.*

MENTEL and EDELSTEIN, JJ., concur.

---

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Fatima Burgan, | : | |
| Relator, | : | |
| v. | : | No. 24AP-448 |
| Cuyahoga Hills Juvenile Corrections Facility et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on June 27, 2025

*Hurm Law Firm, LLC*, and *Matthew T. Hurm*, for relator.

*Perez & Morris LLC*, *Richard A. Hernandez*, and *Julian Heinrich*, for respondent Cuyahoga Hills Juvenile Corrections Facility.

*Dave Yost*, Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio.

### IN MANDAMUS

{¶ 5} Relator, Fatima Burgan ("claimant"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that found she had reached maximum medical improvement ("MMI") for her allowed physical conditions but was entitled to continue receiving temporary total disability compensation ("TTD") for her allowed psychological conditions.

Findings of Fact:

{¶ 6}    1. Claimant was injured on February 17, 2020, during the course of her employment with respondent Cuyahoga Hills Juvenile Corrections Facility ("employer"), and her claim was allowed for the following conditions: contusion of right ankle; sprain of unspecified ligament of right ankle; achilles tendon tear; tendinosis; complex regional pain syndrome I of other specified site; partial traumatic amputation of right foot, level unspecified; injury of deep peroneal nerve at ankle/foot level, right leg; major depressive disorder, recurrent, mild; and generalized anxiety disorder.

{¶ 7}    2. On August 6, 2020, the Ohio Bureau of Workers' Compensation ("BWC") awarded claimant TTD compensation as a result of her physical injuries.

{¶ 8}    3. On July 26, 2023, the commission allowed claimant's psychological conditions.

{¶ 9}    4. In an October 24, 2023, report, Amar Mutnal, M.D., completed a report that indicated claimant had reached MMI as to her allowed physical conditions.

{¶ 10}  5. On November 15, 2023, Lee Horowitz, Ph.D., submitted the following: (1) a MEDCO 14 form, indicating that claimant was not at MMI as to her mental-health conditions; and (2) a C-84 form, requesting TTD compensation based on claimant's mental-health conditions.

{¶ 11}  6. On November 15, 2023, the BWC requested that the commission terminate claimant's TTD compensation due to claimant's reaching MMI as to the allowed conditions in the claim, based upon the October 24, 2023, report of Dr. Mutnal.

{¶ 12}  7. Claimant filed C-84 forms in October, November, and December 2023, requesting that TTD compensation continue for the allowed physical conditions.

{¶ 13}  8. A hearing was held before a District Hearing Officer ("DHO"), and in a December 15, 2023, order, the DHO found the following, in pertinent part: (1) the BWC's motion to terminate TTD compensation is granted; (2) claimant has reached MMI for the physical conditions in the claim based upon the October 24, 2023, report of Dr. Mutnal; (3) TTD compensation for the physical conditions is terminated as of December 11, 2023, and benefits paid beyond this date are collectible as overpayments; and (4) TTD compensation

for the psychological conditions in the claim is to be considered upon proof of disability for the currently allowed psychological conditions. Claimant appealed.

{¶ 14} 9. On December 18, 2023, claimant's counsel and the BWC had a telephone conversation, in which the BWC representative indicated that he had terminated TTD compensation prematurely; claimant had been declared MMI for the physical conditions in the claim; however, additional psychological conditions are now allowed through the claim as of a few months ago; and because the psychological conditions are already allowed in the claim, claimant will technically remain entitled to continue receiving TTD compensation for the psychological conditions even though she has been declared MMI as to the physical conditions.

{¶ 15} 10. On February 6, 2024, a staff hearing officer ("SHO") issued an order, finding the following, in pertinent part: (1) the DHO's order is vacated; (2) TTD compensation is to continue based upon the ongoing medical impairment due to the allowed psychological conditions in the claim; (3) the decision is based upon the MEDCO-14 from Dr. Horowitz, and there is no contrary evidence; (4) termination of TTD compensation is not warranted at this time, and such benefits shall be paid consistent with the submission of supporting medical proof of ongoing psychological disability; (5) claimant has reached MMI for the allowed physical conditions in the claim, effective December 11, 2023; (6) the commission has jurisdiction to address MMI, based upon the recognized physical conditions in the claim, consistent with Adjudications Before the Ohio Industrial Commission, Memo D2; and (7) this decision that claimant has reached MMI for the allowed physical conditions is based upon the October 24, 2023, report of Dr. Mutnal. Claimant appealed.

{¶ 16} 11. On February 23, 2024, the commission refused the appeal.

{¶ 17} 12. On July 22, 2024, claimant filed a petition for writ of mandamus, requesting that this court order the commission to vacate its order that found she had reached MMI as to the physical conditions when such issue was not necessary to address in addressing the BWC's November 15, 2023, motion.

Conclusions of Law and Discussion:

{¶ 18} The magistrate recommends this court deny claimant's writ of mandamus.

{¶ 19} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 20} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 21} TTD compensation awarded pursuant to R.C. 4123.56 is compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) the claimant has returned to work; (2) the claimant's treating physician provides a written statement that the claimant is able to return to the former position of employment; (3) work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) the claimant has reached MMI. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 22} Adm.Code 4121-3-32(A)(1) provides the definition of MMI for workers' compensation purposes:

> "Maximum medical improvement" is a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. An injured worker may need supportive treatment to maintain this level of function.

> R.C. 4123.56(A) provides, in pertinent part, the following:

> Payments shall continue pending the determination of the matter, however payment shall not be made for the period . . . when the employee has reached the maximum medical improvement.

{¶ 23} In the present case, claimant argues that the commission abused its discretion when it found that she reached MMI as to her physical conditions. Claimant argues that whether an injured worker has reached MMI is a "binary" question based on the "holistic" status of the worker regarding all of the worker's conditions and not a condition-by-condition analysis. In other words, claimant contends, the commission cannot adjudicate whether a worker is at MMI separately for physical and psychological conditions; instead, an MMI determination looks at all conditions of the individual in determining whether that person has reached MMI. Therefore, claimant asserts, the commission should not have addressed her physical conditions because: (1) such finding is inconsistent with R.C. 4123.56 and Adm.Code 4121-3-32; and (2) once the SHO had determined that claimant had not reached MMI for her mental-health conditions, claimant could not, as a matter of law, be at MMI, and the SHO's subsequent finding that her physical conditions had reached MMI was dicta and should be ignored by the commission.

{¶ 24} To support the "holistic" approach and not the "condition-by-condition" analysis, claimant points to the language in R.C. 4123.56 that states that payments shall not be made "when *the employee* has reached the maximum medical improvement." (Emphasis added.) R.C. 4123.56. Claimant asserts that this requires that "the employee" must reach MMI and does not require that the specific condition(s) must reach MMI. Claimant contends that the issue is a simple yes/no question as to whether all of the worker's conditions are at MMI.

{¶ 25} Claimant also relies upon Adm.Code 4121-3-32(A)(1) to support the "holistic" approach. Adm.Code 4123-3-32(A)(1) generally defines MMI as a treatment plateau at which no fundamental functional or physiological change can be expected. Claimant asserts that this provision does not define MMI using a condition-by-condition analysis but, instead, looks to whether the worker has reached a treatment plateau on all of the allowed conditions. Claimant urges that any discussion of MMI regarding the physical conditions was dicta because once the determination was made that MMI was not reached as to the psychological conditions, TTD compensation could not be terminated regardless of the status of her physical conditions.

{¶ 26} After a review of claimant's arguments and her supporting citations, the magistrate finds claimant's claims for a "binary" analysis and "holistic" approach are not

persuasive. To be entitled to mandamus, claimant was required to show a clear legal right to the relief sought and a clear legal duty on the part of the respondent to provide such relief. Claimant's arguments and citations do not demonstrate the commission had a clear legal duty to refrain from determining whether claimant had reached MMI with respect to her physical conditions.

{¶ 27} The commission directs the magistrate to Memo D2, Jurisdiction over the Issue of Maximum Medical Improvement, from Adjudications Before the Ohio Industrial Commission:

> In order for a hearing officer to proceed on the issue of maximum medical improvement, it is necessary that temporary total disability be an issue in the claim.
>
> A hearing officer has the ability to proceed on the issue of maximum medical improvement when the injured worker is on temporary total disability compensation, or is requesting temporary total disability compensation, at the time a party files a request that the injured worker be found to have reached maximum medical improvement; and/or at the time of the hearing. A hearing notice that lists temporary total and/or termination of temporary total as issues to be heard is sufficient to allow a hearing officer to address maximum medical improvement[.]

{¶ 28} Memo D2 contains no explicit or implicit language that squares with or resembles claimant's "binary" or "holistic" approaches. Memo D2 contains no restrictions or bounds on the commission's review of the issue of MMI and only provides the prerequisites necessary for the commission to address the general issue of MMI at hearing. The language in Memo D2 is broad and indefinite, permitting the commission to address any relevant facet of MMI. Here, whether claimant had reached MMI as to her physical restrictions was specifically raised by BWC's November 15, 2023, request that the commission terminate claimant's TTD compensation due to claimant's reaching MMI as to the allowed conditions. The BWC's request was based upon Dr. Mutnal's October 24, 2023, report, which solely analyzed claimant's allowed physical conditions for MMI. Furthermore, claimant filed C-84 forms in October, November, and December 2023, requesting that TTD compensation continue for the allowed physical conditions. Thus, claimant was both receiving TTD compensation and requesting TTD compensation to

continue for the allowed physical conditions at the time the BWC requested that claimant's physical conditions be found to be at MMI. Once raised, the DHO and SHO could address MMI as to the allowed physical conditions.

{¶ 29} The magistrate is persuaded by the language employed by the Supreme Court of Ohio in *State ex rel. Stone Container Corp. v. Indus. Comm.*, 79 Ohio St.3d 163, 1997 Ohio LEXIS 1731 (June 25, 1997), in which the court stated:

> [W]here some of the allowed conditions have reached maximum medical improvement, temporary total disability compensation may still be paid if the claimant can establish that other allowed conditions have not yet reached maximum medical improvement and prevent a return to the former position of employment.

*Id*. at 165. Therefore, this passage instructs that when determining whether TTD compensation is payable, the commission may address each of the allowed conditions individually to determine if any and/or all have reached MMI. The above passage from *Stone Container Corp*. reflects what happened in the current case. The commission has made a determination that some of the allowed conditions have reached MMI; however, the commission has determined that TTD compensation is still payable because claimant has established that other allowed conditions have not reached MMI and prevent her return to the former position of employment.

{¶ 30} Finally, claimant's reliance upon R.C. 4123.56 and Adm.Code 4121-3-32 is not persuasive. R.C. 4123.56 provides that payments shall not be made "when *the employee* has reached the maximum medical improvement." (Emphasis added.) R.C. 4123.56 Ohio Adm.Code 4121-3-32(A)(1) defines MMI as a treatment plateau at which no fundamental functional or physiological change can be expected. Although claimant asserts that these two provisions focus on the worker's overall MMI status and not the MMI status of each individual condition, the language in these two provisions falls significantly short of demonstrating that claimant has a clear legal right or the commission a clear legal duty in this case. In short, neither provision provides clear guidance as to whether the commission was permitted to address MMI as to the physical conditions when claimant had not achieved MMI as to her psychological conditions and TTD was to continue. Given the high "clear legal right" and "clear legal duty" standards, the magistrate finds claimant has failed to demonstrate entitlement to a writ of mandamus.

{¶ 31} Accordingly, it is the magistrate's decision that this court should deny claimant's request for a writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).